UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARTHUR DEWAYNE BOATRIGHT,

    Plaintiff,

v.                               Case No. 3:18-cv-544-J-34MCR

SHERIFF BILL LEEPER, et al.,

    Defendants.
_____

**ORDER**

    Plaintiff, a pretrial detainee of the Nassau County Detention Center (Detention Center), initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. He names as Defendants Sheriff Bill Leeper, Director Connie Johnson, and Captain Deluca for an alleged violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff claims he was suspended from the Religious Diet Program (RDP) without a hearing or opportunity to be heard, and he has been denied reinstatement of his religious kosher meals. Upon review of the Complaint, the Court opines that Plaintiff has failed to set forth his claims adequately. Thus, if Plaintiff desires to proceed with his claims, he must file an amended complaint.

    First, while Plaintiff specifically identifies RLUIPA as the source of the alleged constitutional violation, he also appears to assert a due process claim under the Fourteenth Amendment.

Plaintiff is advised that the denial of, or suspension from, a religious diet does not impose an "atypical or significant hardship" that would give rise to a due process claim. See Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Russell v. Wilkinson, 79 F. App'x 175, 178 (6th Cir. 2003) (holding the discontinuation of an inmate's kosher meals did not establish a procedural due process violation because the inmate did not "possess a constitutionally protected property interest in receiving kosher meals"). With respect to the RLUIPA claim, Plaintiff simply asserts that he was suspended from the RDP, but he fails to identify the Detention Center policy or regulation that imposes a substantial burden on his religious exercise. Plaintiff makes a vague reference to a "zero tolerance rule," but he fails to assert that the Detention Center has such a rule, and he also fails to identify the source of the rule, if any.

Second, Plaintiff must clarify and elaborate on his responses in section VII, "Exhaustion of Administrative Remedies." Plaintiff states that he filed a grievance, though he simply references and attaches a letter he sent to Defendant Deluca. In response to the inquiry asking about the response he received to his grievance, Plaintiff again references the letter. However, the attached letter does not include a response. Finally, Plaintiff fails to explain "what steps, if any, [he took] to appeal [the] decision." Rather, Plaintiff simply states, in a conclusory manner, "At this

time all grievance process'ss [sic] have been completed," ignoring the instructions on the complaint form to "[d]escribe all efforts to appeal to the highest level of the grievance process."

To proceed, Plaintiff must file an amended complaint on the enclosed civil rights complaint form and in compliance with federal pleading standards. Federal Rule of Civil Procedure 8(a) requires a pleading to include a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." Id. That a court must accept factual allegations as true does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In addition, the amended complaint must also comply with the instructions below and those on the civil rights complaint form.

1. The amended complaint must be marked, "Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation. Plaintiff must name as defendants those individuals

3

responsible for the alleged violation(s), and he must describe the action(s) or inaction(s) of each defendant who violated his federally-protected rights under § 1983.

3. The amended complaint must state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should explain the facts giving rise to his RLUIPA claim, including identification of the rule or regulation he alleges substantially burdens his religious exercise.

7. In section VII, "Exhaustion of Administrative Remedies," Plaintiff must explain the steps he took complete the grievance process. Plaintiff may attach grievance documents, including responses, if he has them.

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for

>further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

The **Clerk** shall send Plaintiff a civil rights complaint form. By **October 15, 2018,** Plaintiff must complete the form, following the instructions provided in this Order, and mail the amended complaint to the Court for filing. Also by **October 15, 2018,** Plaintiff must mail to the Court one copy of the amended complaint for each named defendant. Failure to comply may result in the dismissal of this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of September, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6
c:
Arthur Dewayne Boatright